LAMB v. ANDERSON ET AL.

CLEMENTS v. THE SAME.

1. **Railroads:** TAXATION IN AID OF: CONDITIONS OF TAX. Where the articles of incorporation of a railroad company stated its object to be to acquire, maintain and operate a railroad through certain designated points, the town of Newton being one of such points, it was held that the construction of the road to Newton was essential to entitle the company to the tax voted in its aid in that township.

2. ——: ——: PURCHASE OF ROAD. The building of the road to a point without the township, and the purchase of another line of road from such point to the town, would not authorize the collection of the tax, the construction of a road being the only object for which such tax can be legally voted or expended under the statute.

3. ——: ——: CERTIFICATE OF TRUSTEES. The certificate of the township trustees that a company is entitled to receive the tax is not authority for its collection, the only object of such certificate being to authorize the treasurer to pay to the company the amount collected and in his hands.

*Appeal from Jasper Circuit Court.*

MONDAY, JUNE 21.

THE facts in the above two cases are identical, and they are submitted upon the same abstract. Each of the above named plaintiffs brought an action to restrain by injunction the collection of a five per cent tax, levied upon the property of the plaintiffs respectively, voted in Newton township, Jasper county, in aid of the Iowa, Minnesota, and North Pacific Railroad Company. Upon the hearing of the cause the court rendered perpetual a temporary injunction theretofore granted as prayed. The defendants appeal. The facts are stated in the opinion.

*Ryan Brothers*, for appellants.

*M. E. Cutts* and *S. N. Lindley*, for appellees.

DAY, J.—On the 10th day of March, 1871, the Iowa, Minnesota and North Pacific Railroad Company adopted articles

of incorporation, declaring the object of the corporation to be "to acquire, maintain and operate a railroad, commencing at a point hereafter to be determined upon, in the southern or southeastern portion of the State of Iowa, and running thence through the counties of Jasper, Story and Hamilton, via Newton, Nevada and Webster City, in a northwesterly direction to the northern boundary line of the State of Iowa, with a view to connecting with the North Pacific Railroad." About the same time there was in existence a corporation known as the Chicago, Newton and Southwestern Railroad Company, having for its object the construction of a railroad from Newton to certain coal banks, a distance of about three and one-half miles. On the 15th day of April, 1871, and before work had commenced on either of these roads, a petition duly signed was presented to the trustees of Newton township, asking that the question be submitted to the qualified electors of said township "of aiding in the construction of the Iowa, Minnesota and North Pacific Railroad by a tax of five per cent upon the real and personal property of Newton township, to be expended in Newton and Palo Alto townships." Pursuant to this petition notice was duly given that at a special election to be held on the 9th day of May, 1871, would be submitted "the question of aiding in the construction of the Iowa, Minnesota and North Pacific Railroad by a tax of five per cent, upon the real and personal property of Newton township, to be expended in Newton and Palo Alto townships." It was urged by the opponents of the tax that if the tax were voted it would be used in the construction of the road then in contemplation from Newton to the coal banks, known as the "plug road." To counteract this opposition, Jas. R. Mershon, president of the Iowa, Minnesota and North Pacific Railroad Company, caused to be published on the 27th of April, 1871, in a paper called the *Railroad Bulletin*, published at Newton, and distributed along the line of the road, principally in Newton and Palo Alto townships, the following:

"Resolutions of Board of Directors.

"WHEREAS, It is reported and expected by some persons, and fears are entertained by others, that if a tax be voted by Newton and Palo Alto townships to aid in the construction of the Iowa, Minnesota and North Pacific Railroad, that the whole will be expended on a 'plug' road leading from Newton to the coal banks; therefore,

"*Resolved*, That as directors of said railroad we hereby declare that the construction of a plug road has never been proposed to the company, is not the aim and design of the company, and no such project has at any time been proposed or named at any of our meetings, or by any member of the board outside of our meetings, and we will in no way permit the funds arising from said taxes to be used for a plug road, and if it should be for the interest of our through line to touch the coal bank, yet the tax fund shall be distributed on the whole line through these two townships, each mile to receive its due share of money according to the cost of grading and other work in the construction of the road.

"JAS. R. MERSHON, JOHN MEYER,
"WM. VAUGH, LEWIS WOODRUF, GEO. MARSH."

The names attached to the above resolution were names of directors of the company. We find from the evidence that the resolution was never adopted by the board of directors of the company, but that it was written out, and the signatures were attached, by Jas. R. Mershon, the president.

The election was duly held, and resulted in favor of the tax. The Iowa, Minnesota & North Pacific Railway Company and the Chicago, Newton and Southwestern Railway Company commenced work on their respective lines in the fall of 1871. The latter company completed its road to the coal banks in December, 1871. The two roads were side by side in the town of Newton, but diverged as they ran south, and at the southern terminus of the Chicago, Newton & Southwestern Railway they were about one mile apart. The Iowa, Minne-

Lamb v. Anderson.

sota & North Pacific Railway Company ceased working upon its road in the fall of 1872. At that time this company had graded the greater part of its line from Newton, through Newton township south, a distance of about three miles, and had done considerable grading in Palo Alto township. Nothing further was done until December, 1875, when the Iowa, Minnesota & North Pacific Railway Company purchased the Chicago, Newton & Southwestern Railroad. The graded line of the Iowa, Minnesota and North Pacific Railroad in Newton township was then abandoned, and one mile of road was built connecting the Iowa, Minnesota & North Pacific Railroad with the purchased line of the Chicago, Newton & Southwestern Railway Company, about three and one-fourth miles south of Newton, and outside of the limits of Newton township. The balance of the road south of the junction was completed to Monroe, and, in this manner, a line of road was completed between Newton and Monroe, a distance of seventeen and one-half miles, in the month of October, 1876. This road is operated by the Newton and Monroe Railroad Company, as lessees. It thus appears that the Iowa, Minnesota & North Pacific Railway Company has not, in fact, constructed any railroad in Newton township, nor nearer to the town of Newton than three and one-quarter miles.

I. It is urged by the appellant that the Iowa, Minnesota and North Pacific Railway Company became entitled to the

1. RAILROADS: taxation in aid of : conditions of tax.

tax voted in Newton township, upon expending double the amount of the tax in Palo Alto township, and that the company was under no obligation to construct a road to Newton or into Newton township, as a condition of being entitled to the tax. Appellant relies upon *Merrill v. Welsher*, 50 Iowa, 61. The position, we think, is not tenable. It may be admitted that the condition in the notice that the tax shall be expended in Newton and Palo Alto townships is, under the above authority, answered by expending it in Palo Alto township. But there is another condition, we think, necessarily embraced in the notice. It

is proposed to vote the tax in aid of the construction of the Iowa, Minnesota & North Pacific Railroad.   The articles of incorporation of this company declare its purpose to be the construction of a railroad by the way of Newton, which is in Newton township.   When the tax payers of Newton township voted aid to this road, so incorporated, they had a right to expect that, in consideration of the aid afforded the road would be built to Newton.   It cannot be presumed that they would have voted this aid for a road to be constructed entirely outside of the township, and not nearer to the town of Newton than three and one-fourth miles.   It would manifestly work great injustice to the tax payers of that township to hold them liable for a road not constructed to the town of Newton, as they were led to believe was required by the articles of incorporation.   We are of the opinion that, without the construction of a line of road to the town of Newton, this tax cannot be enforced.

II.   It is claimed, however, that the purchase of the three and one-quarter miles of road in question is equivalent to the actual construction of that portion of the road.   It

4. ——:——: purchase of road.

may be that the tax payers of Newton township have acquired all the advantages and facilities which they would have obtained from the actual construction of this portion of the road by the Iowa, Minnesota & North Pacific Railway Company.   But they voted their taxes to aid in the construction of a road, not in the purchase of one.   The statute confers upon them no authority to vote aid for the purchase of a road.   Having voted aid for a particular purpose, there is no legal authority for requiring them to give that aid for another purpose, though equally advantageous to them. We can scarcely anticipate the consequences which might flow from a construction that the obligation to build a road may be met by the purchase of a road already constructed.   Suppose that instead of purchasing three and one-fourth miles of this road, the whole road except three and one-fourth miles, or with the exception of one mile, had been purchased, and

the remainder constructed. It is obvious that if such transaction should be held to be equivalent to the construction of a road, the object and purpose for which the tax was imposed might be utterly defeated. Appellant relies upon *Stockton R. R. Co. v. Stockton*, 51 Cal., 328. Two of the five judges comprising that court dissented in that case. We cannot regard it as a correct exposition of the law applicable to our statute.

III. It is further claimed that the certificate of the trustees of Newton township to the treasurer, " that the provisions of the law under which said tax was voted have been complied with, and that said railroad company is now entitled to the tax of Newton township, according to the vote of said township," is a judicial act, and, in this proceeding, conclusive of the right of the company to the tax. In this position we cannot concur. The only purpose and effect of this certificate is to authorize the county treasurer to pay out funds collected under the provisions of the act. See chapter 102, laws 1870, section 3. It has nothing to do with the treasurer's authority to collect the tax. The purpose of these actions is to prevent the treasurer from collecting the taxes in question. The judgment of the court below is

3. ——: ——: certificate of trustees.

AFFIRMED.

SUPPLEMENTAL OPINION.

DAY, J.—A petition for rehearing was filed in this case, one position of which requires brief notice. It is said the object of the Iowa, Minnesota and North Pacific Railroad Company, as declared in its articles of incorporation, is to acquire, maintain and operate a railroad running through the counties of Jasper, Story and Hamilton, via Newton, etc., and that this object of the corporation may be accomplished by the purchase of such railroad. It is true that a railroad may be acquired either by construction or purchase. But aid, under the statute, can be voted only for the construction, and

not for the purchase, of a railroad. When, therefore, the taxes in question were voted in aid of a railroad to be acquired, maintained and operated, they were voted in aid of a road to be acquired in a manner which could lawfully be aided. In other words, they were voted in aid of a road to be constructed, as indicated in the foregoing opinion. We see no reason for departing from the views expressed in our opinion. The petition for rehearing is

OVERRULED.