I. M. & N. P. R. Co. ET. AL. V. SCHENCK ET. AL.

1. **Taxation**: IN AID OF RAILROADS: CONDITIONS OF TAX. Where by the conditions of a tax voted in aid of a railroad it was not to be payable until the road was constructed between two specified points, the construction of a portion of the line and the purchase of the remaining portion will not render the tax payable, although the constructed portion extends through the township in which the tax is voted.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 19.

ACTION of *mandamus* to compel the defendants, who are trustees of Fairview township, Jasper county, to certify to the county treasurer a certain railroad tax which it is alleged was voted to aid the construction of plaintiffs' road. The relief demanded by the plaintiffs was denied, and they appeal.

*Ryan Brothers* and *Cook & Dodge*, for appellant.

*M. E. Cutts*, for appellee.

ROTHROCK, J.—This case in its essential features is similar

to *Lamb v. Anderson*, 54 Iowa, 190. In that case it was held the tax was not collectible because the railroad company did not construct a railroad through Newton township, but purchased a completed road of three and one-fourth miles in length from another corporation.

**1. TAXATION: in aid of railroads : conditions of tax.**

It is contended by counsel for appellants that this case is distinguishable from the case cited because no part of the purchased road was in Fairview township. But it was expressly stipulated by the plaintiff company that "any and all taxes so voted in said township may remain unpaid until the road-bed of said railway is graded, tied, and ironed from the town of Monroe to the town of Newton." It seems apparent to us that this obligation was not performed by the purchase of a constructed road from another company for any part of the distance between the points named, whether such purchase was of a road within or without Fairview township. The fact that two roads were being constructed in the vicinity may have been a material consideration in inducing the voters to cast their ballots for the tax. As the tax was not collectible without a compliance with the contract upon which it was voted, we think the court below properly denied the plaintiff the relief demanded.

AFFIRMED.