## LAWRENCE v. SMITH.

1. **Railroads:** SUBSCRIPTION NOTE: EVIDENCE. In an action upon a subscription in the form of a note, to aid in the construction of a railroad, it was competent for the defendant to show by the subscription papers and by the declarations of the agent who procured the note, that the railroad was to be built between certain points. The leasing of a part of the road between two points is not a compliance with the contract to construct a road between said points.

*Appeal from Poweshiek District Court.*

FRIDAY, MARCH 24.

THE plaintiff brings this action upon a promissory note executed to the Grinnell & Montezuma Railroad Company, or bearer. The petition and amended petition allege that the railroad was completed as stipulated in the note, and that cer-

tificates of stock have been issued and tendered to the defend-
ant. The answer to the petition and amended petition admits
the execution of the note and the tender of the stock as alleged.
The answer alleges that the Grinnell & Montezuma Railroad
referred to in said note, and in the articles of incorporation of
said company, was a railroad commencing at Grinnell, Iowa,
and ending at Montezuma, Iowa; that such railroad has not
been completed, no railroad having been constructed within
three miles of Grinnell. The cause was submitted to a jury,
and a verdict was returned and a judgment rendered in favor
of plaintiff for $208. The defendant appeals. The cause was
before the court on a former appeal. See 50 Iowa, 703.

*Clark & Cheshire*, for appellant.

No argument for appellee.

DAY, J.—The instrument upon which the plaintiff sues is as
follows:

"For value received, I promise to pay to the Grinnell &
Montezuma Railroad Company, or bearer, the sum of two hun-

1. RAILROADS:
subscription
note : evi-
dence.

dred dollars, upon the completion of said railroad
and cars running thereon to the depot at Monte-
zuma, Iowa, if done within one year from the first
day of January, 1875, with interest at the rate of ten per cent
per annum from maturity.

"This note to be due and payable when the cars run to the
depot above named, within the time above stipulated, and on
such payment the G. & M. R. R. Company agree. to issue to
the maker of this note a certificate of stock for each one hun-
dred dollars mentioned in this note; but if said road be not
completed, within the time above named, this note to be void,
and on demand returned to the maker. Said road to be stand-
ard guage."

The articles of incorporation of the railroad company in
question, which were introduced in evidence, declare the ob-

jects of the incorporation to be "to build the Grinnell & Montezuma Railroad and construct a telegraph line." The jury returned a special finding that the Grinnell & Montezuma Railroad has been constructed between Montezuma and a point three and one-half miles south of Grinnell on the Central Railroad of Iowa. The defendant introduced subscription papers to the capital stock of the railroad in question, showing that the various subscribers agreed to pay the several sums set opposite their names "to the stock of the Grinnell & Montezuma R. R. Company to aid in the construction of a railroad from Grinnell to Montezuma." The defendant also testified that when he gave his note it was represented to him, by the person to whom he gave it, that the Grinnell & Montezuma Railroad was to be built from Grinnell to Montezuma. Upon the submission of the cause the court withdrew all this testimony from the jury, and instructed the jury as follows:

"Under the articles of incorporation and the note or contract sued on, the plaintiff is entitled to recover, if he has shown that the Grinnell & Montezuma Railroad Company constructed its road on the line between Grinnell and Montezuma, from Montezuma, a distance of thirteen miles, to intersect with the Central Iowa Railroad at a point three and one-half miles south of Grinnell, and that the cars were running on such road by it built and over said Central Iowa Railroad, under a lease, between said point of intersection and Grinnell, to the depot at Montezuma, before January 1st, 1876, and that prior to that time and continuously since, said railroad, and by such means, has established and maintained railroad communication between said two points, it being conceded that defendant has been tendered the stock called for in the contract."

In this action the court erred. It was competent to show by the subscription papers, taken by the defendant to its stock, that the Grinnell & Montezuma Railroad was a railroad to be built from Grinnell to Montezuma. It was also competent to show the declaration of the agent of the defendant, who pro-

cured the note, that the railroad was to be built from Grinnell to Montezuma. This declaration was simply in harmony with the written subscriptions, and showed the inducement which was held out to the defendant for the execution of his note. The evidence does not vary or contradict the note, but simply shows that the defendant executed it with the understanding that the road would be built as specified in the stock subscription. That the leasing and operation of a part of a road between two points is not a compliance with an agreement to construct a road between said points. See *Lamb v. Anderson,* 54 Iowa 190.                                      REVERSED.